**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3368
_____

DA LE LIU,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A077 322 811)
Immigration Judge:  Honorable Nicole Kim
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 7, 2013

Before:  AMBRO, JORDAN and BARRY, Circuit Judges

(Opinion filed: March 8, 2013)
_____

OPINION
_____

PER CURIAM

        Da Le Liu, a native and citizen of China, petitions for review of an order of the

Board of Immigration Appeals, which denied his motion to reopen removal proceedings.

For the reasons below, we will deny the petition for review.

Liu entered the United States without proper documentation in September 2000. He was scheduled to appear before an Immigration Judge ("IJ") on March 15, 2001, to apply for asylum based on allegations that his girlfriend had been forced to have an abortion. Liu did not appear, and the IJ entered an in absentia removal order. Liu filed a motion to reopen, citing traffic problems, but the IJ denied the motion, and the BIA dismissed his appeal on February 26, 2002.

On December 8, 2011, Liu, represented by a new attorney, filed a motion to reopen, based on allegations of changed country conditions in China since the time of his original hearing. Liu noted that he had, since the time of his scheduled hearing, married his girlfriend and had two children in the United States. He asserted that there was increased enforcement of the population policy in China since 2002.[1] He also noted that he had become a Christian, and he asserted eligibility for asylum and withholding relief due to his fear of religious persecution in light of the increase in human rights abuses committed against members of unregistered churches in China.

The BIA denied the motion to reopen as untimely, and noted that Liu had not attempted to satisfy requirements for equitable tolling based on attorney ineffectiveness. The BIA also found that Liu had not established changed country conditions for those who have violated family planning policies or for Christians. Liu filed a timely petition for review.

---

[1] As discussed below, the proper reference date would be March 2001, when the proceedings before the IJ were to take place.

We have jurisdiction pursuant to 8 U.S.C. § 1252 to review the BIA's denial of Liu's motion to reopen, and we apply the abuse of discretion standard to our review. See Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). Under that standard, Liu must show that the BIA's decision was somehow arbitrary, irrational, or contrary to law. See id. Motions to reopen are reserved for only "compelling circumstances." See Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004).

There is no dispute that Liu's motion to reopen was untimely, as it was not filed with the BIA within ninety days of the BIA's 2002 decision. See 8 U.S.C. §§ 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the ninety-day requirement does not apply to motions that rely on evidence of "changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. §§ 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii). Here, Liu would have to show that he is eligible to file a second asylum application in reopened proceedings based on his new Christian faith and on changed country conditions since the time of his scheduled hearing before the IJ. See Filja v. Gonzales, 447 F.3d 241, 252 (3d Cir. 2006) (change in country conditions is measured from time of proceedings before immigration judge). We have recognized that an alien who has been ordered removed can file an untimely or successive asylum application based on changed personal conditions if the alien can also show changed country conditions in the motion to reopen. See Liu v. Att'y Gen., 555 F.3d 145, 150 (3d Cir. 2009).

3

Liu contends that the BIA "ignored" the evidence he presented in denying his motion to reopen. On the contrary, the BIA examined Liu's evidence and found that it was "not sufficient to meet his burden of establishing that there has been a material change in conditions in China either for individuals who have had two children while living abroad or for members of unregistered churches." A.R. 4. The BIA noted that although Liu had submitted evidence regarding enforcement of population policy in 2010 and 2011, and articles regarding the treatment of Christians dating from 2008 to 2011, he had not submitted any evidence as to the treatment of those two groups in 2001. In his brief, Liu points to a 2002 article explaining the implementation of China's Population and Family Planning Law. We agree with the BIA that the article "does not spell out what the government policy was before the law was passed or establish that either the policy or the implementation and enforcement of the policy in [Liu's] hometown has changed since March 2001." Id. With regard to his claim of changed circumstances for Christians, Liu notes that "one of Petitioner's articles specifically mentions the worsening conditions Christians face each year." Petitioner's Br. at 10. However, that article only reports "an overall increase in reported persecutions of believers" in comparing 2007 with 2006. A.R. 176. The article makes no mention of treatment of Christians in 2001.

Having examined the evidence, we agree that Liu did not meet his burden of showing a material change of relevant conditions in China since 2001. Because Liu did not present material evidence of changed country conditions, the BIA did not abuse its discretion in denying his motion to reopen.

4